IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTTY SANTOS DIAZ,
Inmate No. 670614,
    Plaintiff,

vs.                                                              Case No. 5:16cv318/WTH/EMT

CENTURION OF FLORIDA, LLC, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Request for Emergency Injunction ("REI") (ECF No. 15). This matter was recommitted to the undersigned by the District Judge to "immediately determine, by hearing, affidavit or otherwise, whether the treatment of plaintiff's eyes currently follows the course of treatment recommended by Plaintiff's doctors and to issue another Report and Recommendation concerning the Request for Emergency Injunction" (ECF No. 25 at 6).

To that end, the court issued an order on July 25, 2017, directing each party to file a preliminary response to the REI informing the court as to whether Plaintiff had been treated by a specialist during the time that had transpired since the filing of the REI on December 30, 2016—and thus whether the issues raised in the REI had become moot. Counsel, specially appearing for Defendants, filed a response detailing

Plaintiff's medical treatment since that date. Plaintiff, who was given a deadline of August 9, 2017, has not filed a response as of the date of this Report.

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against medical officials at Holmes Correctional Institution and against Centurion of Florida (ECF No. 1; *see also* ECF No. 12 at 3–4 (amended complaint)). At the time he filed his complaint on November 4, 2016, Plaintiff was no longer housed at Holmes Correctional Institution ("HCI") but had been transferred to the Central Florida Reception Center in Orlando ("CFRC") (*id.*). Plaintiff originally filed his case in the United States District Court for the Middle District of Florida, but venue was transferred to this district because the events in question took place while Plaintiff was incarcerated at HCI, which is located in this district.

Due to Primary Open Angle Glaucoma ("POAG") in Plaintiff's right eye, a Laser-Selective Trabeculoplasty ("SLT") was performed by Ben Hasty, M.D., an outside "glaucoma specialist," on March 18, 2016 (ECF No. 12 at 6). Dr. Hasty directed that Plaintiff be returned to his office in three to four weeks for follow-up treatment, but Plaintiff was transferred to HCI and therefore missed the follow-up appointment with Dr. Hasty. Plaintiff was then transferred back to CFRC in mid-September 2016 and was briefly housed at Lake Butler RMC West en route to CRFC.

On September 27, 2016, approximately five days after his arrival at CFRC, Plaintiff was seen by a glaucoma specialist, John A. Beneke, M.D., at the Magruder Eye Institute in Orlando, Florida. Dr. Beneke's diagnosis was a "severe stage" of POAG of both eyes, combined with a form of age-related cataract in both eyes (ECF No. 32-2 at 3). Dr. Beneke prescribed two eye-drop solutions and a medication in pill form, and he gave directions for a follow-up visit in one to two weeks to determine if the medications were effective (*id.*).

Plaintiff alleges a three-week delay in receiving his medications, and when they did arrive, he quit taking the pills because he was unable to tolerate them. Further delay attended the scheduling of the follow-up visit with Dr. Beneke, allegedly due to administrative delays in receiving authorization for the appointment.

Plaintiff's initial complaint, which he filed in November of 2016, claims deliberate indifference to his serious medical needs based on the delay in receiving follow-up treatment, which Plaintiff alleges led to significant worsening of his eyesight and other symptoms. In the REI filed on December 28, 2016, Plaintiff claims continued delay in getting the follow-up treatment directed by Dr. Beneke, which he seeks to be remedied through preliminary injunctive relieve requiring that

he be seen and treated by Dr. Beneke or another specialist without further delay (ECF No. 15 at 5).

In their preliminary response, Defendants have provided documentation to the court showing that Plaintiff has had multiple visits with Dr. Beneke since the filing of the REI. On March 14, 2017, Plaintiff was seen by Dr. Beneke for his follow-up examination. Dr. Beneke noted that Plaintiff's vision was stable and that he was experiencing no eye pain; accordingly, his regiment of medications was continued (ECF No. 32-5, Def. Ex. Comp. 4 at 5). On May 16, 2017, Plaintiff was again taken to see Dr. Beneke as per his instructions. Though it was indicated that Plaintiff was not able to tolerate his pill prescription, Dr. Beneke still noted that Plaintiff's vision was stable (ECF No. 32-5, Def. Ex. Comp. 4 at 15). Again as scheduled, Plaintiff was seen by Dr. Beneke on June 20, 2017, where he received laser surgery (an SLT procedure) on his left eye. The surgery was performed successfully without complication (ECF No. 32-5, Def. Ex. Comp. 4 at 23). In accordance with Dr. Beneke's instructions for an "intraocular pressure check follow-up" in three weeks, Plaintiff was taken to see him again on July 19, 2017 (ECF No. 32-5, Def. Ex. Comp. 4 at 29). As there were no changes, and Plaintiff was using his eye drops as directed, Dr. Beneke recommended another follow-up in six weeks, and, according to the

affidavit provided by Jason Brenes-Catinchi, M.D., CCHP, the Site Medical Director for CFRC, the request for the next scheduled appointment was made (*see* ECF No. 32-5, Def. Ex. Comp. 4 at 29; ECF No. 32-3 at 3). Dr. Brenes-Catinchi's sworn statement also indicates that Plaintiff "continues, and will continue, to receive adequate medical treatment for his eye conditions, as recommended by his eye physicians" (ECF No. 32-3 at 3).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Ordinarily, a preliminary injunction is used to prohibit or restrain an action pending litigation of the dispute; however, preliminary injunctive relief may be used to command the defendant to take a particular action—what is sometimes referred to as a "mandatory" or "affirmative" preliminary injunction. Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006); Graham v. Medical Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997); Knox v. Shearing, 637 F. App'x 226, 228 (7th Cir. 2016); K.G. ex rel. Garrido v. Dudek, 839

F. Supp. 2d 1254, 1260–61 (S.D. Fla. 2011); <u>OM Group, Inc. v. Mooney</u>, No. 2:05CV546FTM33SPC, 2006 WL 68791, at *8 (M.D. Fla. Jan. 11, 2006).  These types of injunctions require an even higher burden of persuasion.  <u>Garrido</u>, 839 F. Supp. 2d at 1260–61; <u>Haddad v. Arnold</u>, 784 F. Supp. 2d 1284, 1295–96 (M.D. Fla. 2010).

At this point in the instant proceedings, a mandatory preliminary injunction does not appear necessary to prevent irreparable injury.  Indeed, the relief that Plaintiff has sought in the REI, to be seen and treated by a specialist, has evidently been provided.  At least it can be said that Defendants have met the technical demands of the REI, by arranging Plaintiff's visits to and treatment from Dr. Beneke, and therefore the REI appears moot.

Therefore, Plaintiff's request for injunctive relief should be denied.  In light of this recommendation, the court's direction to the parties to file and serve memoranda, affidavits, and other relevant materials on or before August 22, 2017, will be rescinded.  Likewise, the evidentiary hearing on the matter, scheduled for August 29, 2017, which now appears unfeasible given the instant Report and Recommendation, the response times thereto, and the time needed by the District Judge to issue a decision thereon, will be cancelled.

Accordingly, it is **ORDERED:**

1. That the part of the court's July 25, 2017, order (ECF No. 26) which directed the parties to file and serve memoranda, affidavits, and other relevant materials by August 22, 2017, is **RESCINDED**.

2. The evidentiary hearing scheduled for August 29, 2017, is **CANCELLED**.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's Request for Emergency Injunction (ECF No. 15) be **DENIED**.

2. That this action be referred back to the assigned magistrate judge for further proceedings on the complaint.

At Pensacola, Florida, this 18<u>th</u> day of August 2017.

>/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**