# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SCOTTY SANTOS DIAZ,

    Plaintiff,

v.                                                  CASE NO. 5:16-cv-00318-WTH-EMT

CENTURION OF FLORIDA LLC, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND REFERRING CASE TO MAGISTRATE JUDGE JONES

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. ECF No. 36. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at ECF No. 41, to which Defendant Centurion of Florida, LLC, responded. ECF No. 44. I have made a de novo review based on those objections and response. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

Previously, this matter was recommitted to the Magistrate Judge to "immediately determine, by hearing, affidavit or otherwise, whether the treatment of plaintiff's eyes currently follows the course of treatment recommended by Plaintiff's doctors and to issue another Report and Recommendation concerning the Request for Emergency Injunction" (ECF No. 25 at 6). The Magistrate Judge prepared to hold such a hearing and directed the parties to file relevant memoranda. The government did so, providing sworn statements showing that plaintiff received

consistent, effective and timely eye treatment since after his Request for Emergency Injunction was filed. ECF No. 32. The plaintiff did not respond but instead moved to transfer venue of this case to the Middle District of Florida. ECF No. 30. Thereafter, the Magistrate Judge issued an order cancelling the scheduled hearing and a Report and Recommendation that the Request for Emergency Injunction be denied based on the medical treatment plaintiff had been receiving. ECF No. 36.

The Court agrees that the Request for Emergency Injunction should be denied. A preliminary emergency injunction is intended to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Here, although the parties dispute whether plaintiff received his medications on a certain date or got them six days later, the record shows that plaintiff is already receiving the reasonably prompt, effective medical treatment that he asks for in his request for emergency injunction. Therefore, the Court agrees with the Magistrate Judge that preliminary injunctive relief is not proper at this time.

With regard to the motion to change venue, the Court agrees with the plaintiff that this case should be resolved closer to where he is currently housed, the Central Florida Reception Center in Orlando, Florida. However, a complete change of district might engender additional delays. Therefore, this Court will transfer this case to Magistrate Judge Gary Jones, who is stationed in Gainesville, Florida. Gainesville is many hours closer to Orlando than Pensacola.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 36, is adopted and incorporated by reference in this order.

2. The Request for Emergency Injunction, ECF No. 15, is denied.

*Case No: 5:16-cv-00318-WTH-EMT*

3.  The Clerk is directed to refer this case to Magistrate Judge Gary Jones.

4.  The case is recommitted to Magistrate Judge Jones for further proceedings.

**DONE AND ORDERED** this *8th* day of January, 2018.

UNITED STATES DISTRICT JUDGE